José Puig Morales, demandante y apelado, *v.* The Redemptorist Fathers of Porto Rico, demandada y apelante. José Puig Morales, demandante, apelante y apelado, *v.* The Redemptorist Fathers of Porto Rico, demandada, apelada y apelante.

Núms. 7117 y 7123.—*Sometidos:* Enero 27, 1937. *Resueltos:* Enero 29, 1937.

R. *Rivera Zayas* y *José Puig Morales,* abogados del demandante; *Arturo Aponte,* abogado de la demandada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este pleito se inició por demanda presentada en la Corte de Distrito de San Juan en abril 4, 1934, en reclamación de las costas concedidas al demandante en otro pleito que siguiera en la Corte de Distrito de Humacao contra J. Antonio Lorden, ''un clérigo que forma parte de la corporación . . . . ahora demandada.''

Por vía de excepción previa alegó la demandada que la demanda no aducía hechos suficientes para determinar una causa de acción. Oyó la corte a ambas partes y declaró con lugar la excepción. De su resolución transcribimos lo que sigue:

''El demandante trata de recobrar en esta acción que establece contra una asociación o corporación de carácter religioso, las costas que se le concedieron en un pleito de *injunction* para recobrar posesión seguido contra un miembro de dicha asociación o corporación. No existe relación o nexo alguno entre el demandado en aquel pleito y la demandada en esta acción, que la haga responsable del pago de las costas causadas a manera de indemnización de daños y perjuicios. La alegación de que J. Antonio Lorden forma parte, como clérigo, de la asociación o corporación The Redemptorist Fathers of Porto Rico y que de ésta depende, no la hace responsable en todos los órdenes y clases de las actuaciones de aquél. Tampoco se trata de obligaciones nacidas de culpa o negligencia en que la demandada considerada como un establecimiento o empresa, deba responder de los perjuicios causados por un dependiente en el servicio del ramo en que estuviera empleado o con ocasión de sus funciones.''

Pidió reconsideración el demandante. Negó su petición la corte. Presentó entonces una demanda enmendada. Archivaron una moción eliminatoria los demandados que fué declarada con lugar. Radicó el demandante una tercera demanda enmendada que los demandados excepcionaron, pidiendo además su eliminación. Oídas las partes, la corte declaró con lugar la excepción y ordenó que se registrara sentencia en contra del demandante con las costas pero sin incluir honorarios de abogado. Registrada la sentencia, apelaron contra ella el demandante y los demandados. Estos sólo en cuanto les negó los honorarios de abogado.

■ La cuestión fundamental envuelta es la de si no habiendo sido partes los demandados en el pleito en que se concedieron las costas que se reclaman vienen obligados a pagarlas a virtud de lo dispuesto en los ·artículos 1803 y 1804 del Código Civil y por haberse alegado en la demanda enmendada que los actos que dieron origen al primitivo pleito los realizó el allí demandado Lorden "por orden e instrucciones de la corporación" aquí demandada.

El alegato del apelante no contiene cita de jurisprudencia alguna o de comentarios a los preceptos de ley que invoca que apoyen o por lo menos ilustren su contensión. Sus argumentos no nos convencen. Son más bien que argumentos meras conclusiones de que le asiste el derecho que reclama.

Cuando una acción se establece exigiendo la obligación que impone el artículo 1804 del Código Civil, que es el 1803 de su edición de 1930, se dirige también contra la persona llamada a responder. Tuvo el demandante su día en corte cuando inició su procedimiento de *injunction* y ahora sin dárselo a los demandados pretende que se les condene a pagar las costas que en el *injunction* se impusieron y tasaron contra la persona que en él individualmente demandara a virtud de su propia elección. Si la corporación ahora demandada era responsable, debió demandársele en el indicado pleito. Quizá se hubiera dictado sentencia contra ella pero quizá pudo dictarse sentencia a ella favorable como conse-

cuencia de las alegaciones que hubiera hecho o de la evidencia que hubiera introducido. Como bien dijo el juez sentenciador en su resolución:

"La demanda no aduce ·hecho alguno del que se infiera que la demandada fuera parte ni interviniera en el procedimiento de *injunction* para recobrar posesión que originó la condena de costas, autorizando o consintiendo la oposición al *injunction* o ratificando en forma alguna el acto personal o individual de J. Antonio Lorden."

No cabe, pues, revocar la sentencia en cuanto por ella se declaró la demanda sin lugar. ¿Cabe revocarla en cuanto excluyó de las costas los honorarios de abogado? Se trata de una cuestión discrecional y, tomadas en consideración todas las circunstancias concurrentes, no nos sentimos justificados para concluir que la corte hizo mal uso de su discreción.

*Ambos recursos deben declararse sin lugar, quedando confirmada en todas sus partes la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.